Johnson J.
delivered the opinion of the Court— In Duncan v. Course, 1 Const. Rep. 100, it was held that a Bill of Exchange, drawn in one of the States, and payable in another, is a foreign bill within the meaning of the distinction which exists between them and inland bills, and that rule has been always since acted upon. In relation to foreig i bills, the rule very clearly is, that a demand must be made by a Notary to whom credit is given as a public officer, Leftly v. Mills, 4 D. & E. 175, and for that reason the protest is evidence of demand and notice to the drawer or indorser.
Here the note was drawn in New-Haven, Connecticut, and payable in Fayetteville, North Carolina, and is a foreign bill within the rule. The protest was therefore properly admitted in evidence. There is another circumstance which strikes me as worthy of consideration. Supposing this note to belong to the class falling within the rules applicable to inland bills, yet the protest was made without the jurisdiction of this Court. It is admitted in evidence in cases of foreign bills, in some degree from necessity and the encouragement of commerce, and clearly all the circumstances of convenience and necessity exist, to render it admissible in the supposed case, as are found in the case of foreign bills, and ought, I think, to be admitted.
I cannot perceive that it was important whether the indorsement was made in - North Carolina or elsewhere.
In Brown, Green &. Co. v. Minis, 1 M’Cord, 80, the question directly arose whether a corporation could maintain an action here in their corporate character, but the case was made to turn on another point, and I well recollect that some doubts were suggested by some of the members of the Court. The question has never since recurred, but upon further examination, I am satisfied there is no room for any doubt about it. In Henriques v. the Dutch West India company, 2 Ld. Raymond, 1532, a suit at the instance of *46 a foreign corporation was entertained, notwithstanding the objection was raised, and in the Silver Lake, Bank v. North, 4 Johnson, Ch. Rep. 372, it is treated as a question well settled.

Motion dismissed.

Q’Neall J. absent at the-argument.